**Abatement Order filed July 3, 2014.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

———————

## NO. 14-13-00995-CV

———————

**JOHN TERMEER, Appellant**

**V.**

**RAMON MARTINEZ AND WENONA MARTINEZ, Appellees**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-00604**

---

## ABATEMENT ORDER

The reporter's record in this case was due **November 15, 2013**. *See* Tex. R. App. P. 35.1. On January 3, 2014, this court ordered Michelle Tucker, the court reporter, to file the record within 30 days. On January 22, 2014, the court reporter filed a request for an extension, which was granted to February 21, 2014. The record was not filed. On April 30, 2014, this court again ordered the court reporter to file the record within 30 days. When the court reporter failed to file the record as

ordered, this court instructed the court reporter that if the record was not filed, the court would order the trial court to conduct a hearing to determine the reason for failure to file the record. The record has not been filed with the court. The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c). Because the reporter's record has not been filed timely as ordered, we issue the following order.

We direct the judge of the **80th District Court** to conduct a hearing at which Michelle Tucker, the court reporter, appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for failure to file the record; (b) to establish a date certain when the reporter's record will be filed, and (c) to make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. If the court reporter files the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.

PER CURIAM